UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADEMA TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> WACKER CHEMIE AG and WACKER CHEMICAL CORPORATION, <br><br> Defendants. | Case No.: 5:13-cv-05599-PSG <br><br> **ORDER GRANTING SEALING MOTION** <br><br> **(Re: Docket No. 8)** |

Before the court is Plaintiff Adema Technologies, Inc.'s administrative motion to file the supply agreement it shared with Defendant Wacker Chemie AG ("Wacker") under seal. After reviewing Defendants' supporting declaration, the court GRANTS Adema's motion.

## I. LEGAL STANDARDS

**A.   Sealing Motions**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1]  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2]  Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

1
Case No.: 5:13-cv-05599-PSG
ORDER GRANTING SEALING MOTION

with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[4] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[5] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[6] that "specific prejudice or harm will result" if the information is disclosed.[7] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[8]

"Under the Ninth Circuit's jurisprudence in *Kamakana*, a request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard. While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of."[9] When "a plaintiff invokes the Court's authority by filing a complaint, the public has a right to know who is invoking it, and towards what purpose, and in what manner."[10] At least one court has held that exhibits

---

[3] *Id.* at 1178-79.

[4] *See id.* at 1180.

[5] *Id.* at 1179 (internal quotations and citations omitted).

[6] *Id.*

[7] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[8] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[9] *In re NVIDIA Corp. Derivative Litig.*, Case No: 4:06-cv-06110-SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008).

[10] *Id.*

2
Case No.: 5:13-cv-05599-PSG
ORDER GRANTING SEALING MOTION

attached to the complaint must also meet the compelling reasons standard.[11]

Parties moving to seal documents must comply with the procedures established by Civil L.R. 79-5.  Pursuant to Civil L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12]  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

## II. ANALYSIS

### A.   The Supply Agreement

The Supply Agreement dated March, 13, 2007, is "a long-term supply agreement in which Wacker agreed to supply polysilicon" to Plaintiff.[14]  The contract claims in this case are based upon the underlying agreement that is the subject of this motion.  Thus, the agreement is subject to the compelling reasons standard.  Nonetheless, the supplemental declaration demonstrates why sealing the agreement is warranted.  "Wacker has entered into, and intends to enter into, other agreements for the supply of polysilicon with other entities in the United States and around the world.  Both the structure and the terms of the Supply Agreement are considered highly

---

[11] *Baldwin v. United States*, 732 F. Supp. 2d 1142, 1145 (D. N. Mar. I. 2010) (noting "the underlying cause of action for overpaid federal taxes arises directly out of the information in the exhibit" – tax records relevant to the allegedly overpaid taxes).

[12] Civil L.R. 79-5(b).  In part, Civil L.R. 79-5(d)(1) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed" and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted" from the redacted version.

[13] Civil L.R. 79-5(e)(1).

[14] Docket No. 15 at ¶ 3.

3

Case No.: 5:13-cv-05599-PSG
ORDER GRANTING SEALING MOTION

confidential commercial information by Wacker. Wacker has only disclosed its supply agreements to customers with the protection of a confidentiality agreement and to government authorities when required and with as much protection from public disclosure as possible."[15]

After reviewing the agreement in light of Defendants' supporting declaration, the court is convinced that sealing is warranted.

**IT IS SO ORDERED.**

Dated: December 16, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[15] *Id.* at ¶ 4.